*Margin note: LEDOUX v. COOPER.*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## VAN HORN *v.* TAYLOR et al.

The owners of a steamer will not be liable for the value of goods shipped under a bill of lading containing the exception of "unavoidable accidents and dangers of the river," and lost in consequence of a collision with another boat, where there was no fault or carelessness on the part of those who had charge of the steamer on which the goods were shipped, and it was not in their power to prevent the collision. Such a loss is the result of an unavoidable accident, or danger of the river, within the meaning of the bill of lading.

Where goods, stored on the deck of a steamer, to the knowledge of the shipper, who was a passenger, and without objection on his part, are lost overboard, in consequence of a collision with another boat, occurring without any fault on the part of those in charge of the steamer on which they were shipped, the shipper cannot recover their value from the owners of the steamer on which they were shipped, on the ground that they were lost from having been improperly stowed on deck, instead of in the hold.

APPEAL from the Parish Court of New Orleans, *Maurian,* J. The defendants appealed from a judgment in favor of the plaintiff.

*T. A. Clarke,* for the plaintiff. The exception in the bill of lading is of "unavoidable accidents and dangers of the river." The adjective "unavoidable" qualifies the word "dangers," as well as "accidents," and has invariably been interpreted in this connection, to mean such overpowering force as is produced by superhuman agency, and which human effort could not prevent. If, then,

VAN HORN
*v.*
TAYLOR.

the cause of ihe accident was the mismanagement of the Emperor, it was not the result of *vis major.* This interpretation of the clause in bills of lading for transportation upon the western waters, has been adopted in two cases by the courts of Tennessee, viz. : *Gordon* v. *Buchanan,* 5 Yerg. Rep. 71, and *Turney* v. *Wilson,* 7 Yerg. Rep. 340. "If goods are injured by the wanton or careless collision of boats, the carrier is liable to the shipper. and must seek his remedy from the aggressor." Wright's Ohio Rep. 193. Whatever may be the doctrine in relation to marine collisions—whether, as relates to the mutual rights of freighter and carrier, the carrier is responsible or not, where the bill of lading contains the exception " dangers of the sea," and the collision was not the result of his negligence—we contend that principles of public policy require in river navigation that the carrier should be held more strictly responsible. The reasoning in the cases of *Trent Nav. Co.* v. *Wood,* 3 Esp., 127, and *Forward* v. *Pittard,* 1 Term. 27, here applies.

*C. M. Randall,* for the appellants. The tobacco shipped on the defendants' steamer was well stowed. Abbot on Shipping, new ed. p. 423, note 2. 4 La. 211. Collisions are dangers of the river, within the exception of the bill of lading ; and where they occur without fault on the part of those in charge of one of the vessels, they are, as to the owners of that vessel, " unavoidable accidents," for which they cannot be made liable. C. C. 2725. 3 Stewart and Porter, 176. The case cited from Wright's Ohio Reports, 193, is not law. It is a solitary case, unsupported by reason or principle.

The judgment of the court was pronounced by

SLIDELL, J. This is an action by a shipper, to recover from the owners of the steamer George Collier the value of certain goods shipped under a bill of lading containing the exception of "unavoidable accidents and dangers of the river." The defence is, that the goods were forced overboard in a collision with another steamer, which collision was caused by the fault of the other steamer. This cause has been already before the Supreme Court, and was remanded for a new trial. See 7 Robinson, 201. It was then said by the court, and in that opinion we concur, "that if there was no fault or carelessness on the part of those who had charge of the George Collier, and it was out of their power to have prevented the collision, we can see no good reason why it should not be considered as an unavoidable accident, and as one of the dangers of the river within the meaning of the bill of lading."

We have carefully examined the testimony in this cause, and while, on the one hand, we discover gross negligence, and something approaching even to wanton and malicious conduct, on the part of those in charge of the other boat, we find nothing in the evidence which would justify us in attributing the collision in any degree to the fault or negligence of the defendants' officers or crew. The obligation of the shipowner is a stringent one ; and the interests of commerce, and the safety of human life, require that we should enforce rigidly the performance of their duty by the officers of vessels, for whom the owners are responsible. They are bound to constant vigilance, and if a case presents itself in which there is even slight fault, we should hold the owners answerable to the shipper. In the present case no fault whatever is attributable to the defendants' officers and crew.

It is said that the plaintiff's goods were improperly stowed on deck; that the deck load only was thrown overboard by the collision, the carge in the hold not being injured. The goods were thus laden with the knowledge and implied approbation of the plaintiff. He was a passenger on board the steamer, and does not appear to have made any objection to the goods being thus carried, though the collision occurred several days after the steamer commenced her voyage. Moreover, it appears by testimony, that merchandise of that sort* is

---

* The merchandise shipped was tobacco in hogsheads. R.

<div align="right">Van Horn<br>v.<br>Taylor.</div>

often carried on deck, and that underwriters do not charge a higher premium on such merchandise, carried in that way, it being however considered the duty of the master to protect it from the weather.

It is therefore decreed that the judgment of the court below be reversed, and that there be judgment for the defendants, with costs in both courts.

